955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barry Warren CLYDE, Petitioner-Appellant,
v.
Pete DEMOSTHENES, Warden of the Nevada State Prison, and
Brian Mckay, Attorney General of the State of
Nevada, Respondents-Appellees.
 No. 90-16830.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 14, 1991.
Decided Feb. 20, 1992.
 
 Before JAMES R. BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Barry Warren Clyde, a Nevada state prisoner, appeals the district court's denial of his petition for writ of habeas corpus, 28 U.S.C. § 2254. Clyde was convicted by a jury of one count of conspiracy to sell a controlled substance and two counts of trafficking in a controlled substance. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.
 
 
 3
 I. Constitutional Challenges to Nev.Rev.Stat. § 453.3405(2)
 
 
 4
 Clyde contends Nev.Rev.Stat. § 453.3405(2) violates the United States Constitution. He makes three separate constitutional challenges to the statute. First, Clyde argues section 453.3405(2) is impermissibly vague because it does not include explicit standards for controlling its application by law enforcement. According to Clyde, without such standards the statute may be applied in an arbitrary and discriminatory manner; thus, the statute should be declared void for vagueness.
 
 
 5
 A statute or ordinance is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute and encourages arbitrary and erratic arrests and convictions. Papachristou v. City of Jacksonville, 405 U.S. 156, 162 (1972). Section 453.3405(2) is not applied by law enforcement officials; rather, it is a sentencing statute for a trial judge. The statute gives no authority or power to law enforcement officials whatsoever. The statute cannot impermissibly encourage arbitrary arrests and convictions, or fail to give an ordinary person of average intelligence fair notice that contemplated conduct is forbidden. We conclude the statute is not impermissibly vague.
 
 
 6
 Next, Clyde contends the application of section 453.3405(2) "improperly chilled and needlessly burdened" his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to trial. Clyde argues that Agent Davis and Inspector Sabini forced him to choose between exercising his constitutional rights or being offered the opportunity to render substantial assistance.
 
 
 7
 We cannot agree that the statute deprives Clyde of due process of law by depriving him of his Fifth and Sixth Amendment rights. Clyde was free to disregard the offer to provide substantial assistance and fully exercise his constitutional rights. As the district court indicated, Clyde does not have a constitutional right to the availability of a substantial assistance provision. See United States v. Ayarza, 874 F.2d 647, 653 (9th Cir.1989), cert. denied, 493 U.S. 1047 (1990). Nor was Clyde compelled to invoke section 453.3405(2) and potentially incriminate himself. Merely presenting Clyde with an alternative to the full exercise of those rights does not violate the Constitution. Additionally, under the statute, the defendant may request an evidentiary hearing to alert the court to the efforts that were made to comply with the statute, even if those efforts were rejected by law enforcement officials. Both Clyde and co-defendant Paul Kolbus were given the benefit of a finding of substantial assistance despite the State's opposition. There was no denial of due process vis a vis the statute.
 
 
 8
 Finally, Clyde contends that the arbitrary and discriminatory manner in which section 453.3405(2) was applied to him constituted an "improper de facto delegation of judicial sentencing authority in violation of the separation of powers doctrine." Specifically, Clyde argues that Agent Davis and Inspector Sabini were able to improperly exercise ultimate sentencing authority by deciding how the statute would apply to him.
 
 
 9
 We disagree. In Ayarza, we rejected a similar challenge to the constitutionality of 18 U.S.C. § 3553(e), the analogous federal substantial assistance statute. 874 F.2d at 652-53. It is permissible for the state legislature to grant some sentencing discretion in the prosecutor, "the only individual who knows whether a defendant's cooperation has been helpful." Id. at 653.
 
 
 10
 The statute is applied by the judge at sentencing, not by law enforcement officials. Clyde's contention that the sentencing authority of the court is usurped by the operation of the statute is belied by the fact the court found substantial assistance over the State's objections. We find that Nev.Rev.Stat. § 453.3405(2) does not violate the separation of powers doctrine.
 
 II. Impartial Jury
 
 11
 Clyde contends the trial court deprived him of his right to an impartial jury by failing to excuse a juror "who had formed an opinion as to petitioner's guilt before the state had rested its case." He also claims his right to an impartial jury was violated by the trial court's failure to ask the other jurors whether there had been contact between them and the "tainted" juror.
 
 
 12
 "The constitutional standard of fairness requires that a defendant have a panel of impartial, indifferent jurors." Murphy v. Florida, 421 U.S. 794, 799 (1975) (internal quotations and citation omitted). This does not mean, however, that the "mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality." Irvin v. Dowd, 366 U.S. 717, 723 (1961). The responsibility is with the defendant to demonstrate "the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality." Id.
 
 
 13
 A trial court's finding that a particular juror was not biased is a finding of fact subject to the provisions of 28 U.S.C. § 2254(d). Wainwright v. Witt, 469 U.S. 412, 428 (1985). Here, the trial court held a hearing in the middle of trial to investigate the juror's alleged partiality. The juror was questioned by Clyde's counsel, the State, and the court. The judge allowed the juror to remain, which means the court concluded the juror was not biased and could remain impartial. Under these circumstances, the trial court's finding is presumed correct unless not fairly supported by the record as a whole. 28 U.S.C. § 2254(d)(8).
 
 
 14
 We conclude that the finding of impartiality is fairly supported by the record as a whole. As the district court noted, the transcript reveals that much of the juror's concern was with court procedure and not the defendant. When asked whether she had an open mind concerning the case, the juror stated: "Well, yes, I have an open mind. I realize everybody has their rights and their rights would be heard pro and con." Although the juror did indicate she was afraid she was "becoming a little bit tainted in my thoughts" and that she had an "opinion" at that particular time, she also stated her ultimate determination would "depend[ ] on the evidence presented." We are not persuaded that the record, taken as a whole, reveals the trial court's factual determination of impartiality was erroneous. The constitutional standard of fairness was met.
 
 III. Admission of Improper Evidence
 A. Accomplice Testimony
 
 15
 Clyde contends his right to a fair trial was compromised by the admission of the testimony of co-defendant Paul Kolbus. Clyde argues that because Kolbus could only receive a reduction in sentence by providing substantial assistance, Kolbus' resulting testimony against him was constitutionally infirm. Clyde relies on Franklin v. State, 577 P.2d 860 (Nev.1978), overruled by, Sheriff, Humbolt County v. Acuna, 819 P.2d 197 (Nev.1991), in which the Nevada Supreme Court determined that an accomplice's testimony becomes "tainted beyond redemption" when the accomplice is compelled to testify in a certain fashion in order to receive the benefit of his plea bargain. Id. at 861-62. In Acuna, however, the Nevada Supreme Court overruled Franklin and held "that when our prosecutors bargain in good faith for testimony represented to be factually accurate, it is not a violation of due process or public policy to withhold the benefit of the bargain until after the witness testifies." 819 P.2d at 200.
 
 
 16
 Due process requires that the government disclose evidence of any understanding or agreement as to future prosecution of a key witness that would be relevant to the credibility of that witness. See Giglio v. United States, 405 U.S. 150, 153-55 (1972). As the district court noted, Clyde had a full opportunity to question Kolbus concerning his testimony. Under cross-examination, Kolbus freely admitted that he faced fifteen years in prison unless he could offer assistance with Clyde's conviction. Kolbus also testified that there were no negotiations concerning his testimony. Clyde does not contend that Kolbus lied under oath about any negotiations with the State relevant to his testimony, or that he minimized the inducement to testify against him. There is no evidence of any secret and undisclosed negotiations between the State and Kolbus concerning Kolbus' trial testimony. There was no due process violation from the admission of the testimony.
 
 B. Admission of Uncharged Misconduct
 
 17
 Clyde contends he was denied his right to a fair trial by the admission of Detective Les Sargent's testimony regarding a "ledger of sales." On direct examination, Detective Sargent referred to a piece of paper found in Clyde's room as a "ledger of sales." Clyde claims this testimony gave rise to a "clear inference" that he was involved in other drug transactions not charged in the indictment. According to Clyde, the testimony constituted impermissible "bad acts" evidence and its admission violated his right to a fair trial.
 
 
 18
 "It is axiomatic that a federal court may intervene in the state judicial process only to correct wrongs of a constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83 (1983). Violations of state evidence rules do not constitute grounds for federal habeas relief absent a due process violation. Cf. Engle v. Isaac, 456 U.S. 107, 119 (1982).
 
 
 19
 Here, even if the introduction of Sargent's testimony was erroneous under state law, the error was not of such magnitude as to render Clyde's trial fundamentally unfair. Sargent merely expressed his opinion as to what the paper was used for, he did not refer to uncharged misconduct.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3